# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yorby Jose BRITO RIVERO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LEONARD ODDO, *et al.* )<br>)<br>Respondents. )<br>)<br>)<br>) | Civil Action No. 3:26-cv-776<br>Judge Nora Barry Fischer<br><br>Docket No. 6 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus (Docket No. 6), the Respondents' Opposition to said Petition (Docket No. 13), and Petitioner's Reply (Docket No. 14).   Petitioner is a Venezuelan national, who entered the United States in July 2022, was subsequently detained by immigration officials and released on humanitarian parole under 8 U.S.C. § 1182(d)(5).  He has resided in the interior of the United States with his wife and two young children, has no criminal history, and was employed as a truck mechanic.  In December 2023, he applied for Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a, which was granted on March 13, 2024.[1]  He was apprehended and taken into custody on January 20, 2026 while reporting for his scheduled ICE check-in, and has been detained at Moshannon Valley Processing Center, without a bond hearing, since late January of this year.  His request for a bond hearing was denied

---

[1]  The designation of Venezuela for TPS and the related implementation of employment authorizations, first made in March 2021, had been extended in October 2023 and, in January 2025, was extended by the DHS Secretary for another 18 months, to October 2, 2026.  Shortly thereafter, in February 2025, then-DHS Secretary Noem issued a vacatur of that extension. Petitioner failed to timely file his TPS re-registration, but submitted a late-filed re-registration with the assistance of counsel on April 8, 2026.

by the Immigration Judge on the basis of lack of jurisdiction over aliens subject to mandatory detention, *i.e.* on the basis of Petitioner's classification as an arriving alien under 8 U.S.C. § 1225(b).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and seeks immediate release or, in the alternative, an individualized bond hearing. In addition to relief on the basis of his unlawful detention under § 1225(b), Petitioner also seeks immediate release on the basis of his TPS designation under § 1254a and prior grant of humanitarian parole under § 1182(d)(5).  In opposition, Respondents contend that this is an "Arriving Aliens" case whereby Petitioner made an illegal entry, was detained and paroled into the United States near the border and was later arrested in the interior of the United States. Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies, and advocates that the Court should follow the decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and further assert that he has no entitlement to relief on any other basis.

The Court has considered the parties' positions and rejects Respondents' contention that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) merely because he is a non-citizen who is present in the United States and has not been admitted. It has previously noted that the United States Courts of Appeals for the Third Circuit has not yet addressed this issue, and affirmatively joins with the Courts of Appeals for the Second, Eleventh and Sixth Circuits,[2] and

---

[2] *See Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, 2026 WL 1283891 (6th Cir. May 11, 2026).

*Cf. Castañon-Nava v. U.S. Dep't of Homeland Sec.* ("*Castañon-Nava I*"), 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec.* ("*Castañon-Nava II*"), 2026 WL 1223250 (7th Cir. May 5, 2026).

the vast majority of district courts[3] (including, so far as the Court is aware, all district court decisions within the Third Circuit). *See F.B. v. Oddo, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.).   For the reasons set forth in that Memorandum Opinion, the Court now holds that Petitioner's detention is governed by § 1226(a) and that he has a clear right to an individualized bond hearing under § 1226(a) and its implementing regulations.

As to the Petitioner's requested relief:

First, the Court lacks jurisdiction to enjoin Petitioner's transfer.   18 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General . . . specified under this subchapter to be in the discretion of the Attorney General . . . ."; and the Third Circuit has held that "the place of detention is left to the discretion of the Attorney General." *Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006), citing, *inter alia*, 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.").

Second, the Court will not at this juncture order Petitioner's immediate release, but will instead order a prompt bond hearing under 8 U.S.C. § 1226(a) while it continues to consider his claims that he is entitled to release based upon his TPS or humanitarian parole.

Third, the Court will not at present conduct its own bond hearing.  *See Leslie v. Holder*, 865 F. Supp. 2d 627, 631 (M.D. 2012) (court permitted bond hearing "initially conducted by an Immigration Judge", being "mindful of the deference which should be accorded in the first instance

---

[3] *See, e.g.*, *Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

to agency decision-making processes").[4]  The Court "cannot speculate as to whether, if the Court were to order a bond hearing for Petitioner, the IJ would violate Petitioner's procedural due process rights."  *Cahuec v. Soto*, 2025 WL 3524463, *2 (D. N.J. 2025).

Fourth, the Court will not at present order application of the procedural safeguards requested by Petitioner (regarding burden and standard of proof, and consideration of detention alternatives and ability to pay).  Instead, the Court will direct Respondents to apply procedures that comport with due process, and allow the IJ to determine in the first instance[5] whether the additional procedural safeguards requested by Petitioner are necessary or appropriate.[6]  In the event that Petitioner believes the IJ has not afforded him constitutionally adequate procedures, he may apply to this Court for further relief.

Fifth, the Court notes that the Third Circuit has held that attorneys' fee awards are permitted under the EAJA in non-citizens' habeas cases.  *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026) ("[W]e hold the EAJA unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241").  Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an

---

[4] The Court notes that the *Leslie* court was ultimately required to conduct its own bond hearing due to the IJ "hav[ing] neglected to fully address crucial procedural safeguards that are implicit in *Diop*".  *Leslie*, 865 F. Supp. 2d at 632.

[5] The Court notes that § 1226 and the applicable regulations do not specify burden or standard of proof, or required considerations; and so far as the Court is aware, the Immigration Court does not have any established practice in cases involving prolonged erroneous deprivation of an initial bond hearing.

[6] *See Ghanem v. Warden Essex Cnty. Corr. Facility*, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("In a fundamentally fair bond hearing, due process has three essential elements.  An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.") (brackets in *Ghanem*; citations and internal quotation marks omitted).  *Cf. German Santos v. Warden, Pike Cnty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020) (holding, based upon a *Mathews* due process analysis, that "once [mandatory] detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary").

award unjust." 28 U.S.C. § 2412(d)(1)(A). Because there is the potential for further proceedings in this action, the Court will hold Petitioner's fee request in abeyance.

**ORDER**

In sum, the Court finds that Petitioner has a clear statutory/regulatory right to a bond hearing before an Immigration Judge; and that it is appropriate for the Court to order such a hearing in the first instance while it considers his claims for immediate release. Accordingly, the Petition for Writ of Habeas Corpus [1] is GRANTED in part and DENIED in part, as follows:

AND NOW, this **18th** day of May, 2026,

IT IS HEREBY ORDERED that said Petition is GRANTED in the form of a Bond Hearing under § 1226(a) before an Immigration Judge, to be provided by Respondents in accordance with this Opinion and within **ten (10)** days hereof;

IT IS FURTHER ORDERED that Respondents will ensure that the Bond Hearing will be conducted by a neutral adjudicator, who (i) will apply all procedural safeguards ordinarily required by due process (including factfinding based on a record produced before the adjudicator and disclosed to Petitioner, an opportunity to make arguments on the Petitioner's behalf, and the right to an individualized determination of Petitioner's interests); and (ii) will consider whether additional procedural safeguards (such as modifications to the burden or standard of proof) are required due to the erroneous prolongation of Petitioner's detention without a bond hearing;

IT IS FURTHER ORDERED that Respondents will file a Status Report with the Court within **seven (7)** days thereafter confirming that Petitioner received a Bond Hearing and the results of that hearing;

IT IS FURTHER ORDERED that Petitioner's request for immediate release on the basis of his TPS or humanitarian parole will be reserved for the Court's further consideration;

IT IS FURTHER ORDERED that within **fourteen (14)** days hereof, Respondents shall submit supplemental briefing, not to exceed 20 pages, on the following issues:

(i)     whether 8 U.S.C. § 1254a(b)(5)(A) bars this Court's review of the validity of DHS's purported revocation of its extension of TPS designation for Venezuela and its termination of that designation prior to expiration of said extension;

(ii)    assuming the Court has jurisdiction, the effect of 8 U.S.C. § 1254a(b)(3)(B)'s provision that termination of TPS designation as to a foreign state "shall not be effective earlier than . . . the expiration of the most recent previous extension" thereof;

(iii)   whether (and how and when) DHS effectively withdrew Petitioner's TPS in accordance with 8 U.S.C. § 1254a(c)(3), or whether (and how and when) such individual status was otherwise terminated; and

(iv)    the implications of Petitioner's humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) (and its termination without notice or hearing);

IT IS FURTHER ORDERED that within **seven (7)** days thereafter, Petitioner may file a Reply brief, not to exceed 15 pages;

IT IS FURTHER ORDERED that Petitioner's request for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, will be held in abeyance pending further order of this Court;

AND IT IS FURTHER ORDERED that the Petition is DENIED in all other respects, without prejudice.

 *s/Nora Barry Fischer*
 Nora Barry Fischer
 Senior U.S. District Judge

cc/ecf: counsel of record